## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LEYDI AMARO,<br>Defendant. | Civ. No. 23-1300 (WJM)<br><br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff National General Insurance Company brings this action against Defendant Leydi Amaro seeking declaratory relief denying coverage to Defendant in an underlying personal injury action. Currently before the Court is Plaintiff's unopposed motion for default judgment under Fed. R. Civ. P. 55(b)(2). ECF No. 6. For the reasons set forth below, Plaintiff's motion is **DENIED without prejudice.**

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff issued a Residence Premises Policy ("the Policy") to Defendant as the named insured with a policy address of 449 Marshall Street, Elizabeth, New Jersey ("the Premises"). Compl. ¶ 7, ECF No. 1. The Policy provides homeowners residence premises coverage to a covered party for personal liability. Compl. ¶ 8. On February 17, 2022, Marie Anna Bien-Aime was allegedly bitten by a dog named "Beemo" while on the Premises. Compl. ¶ 13. On April 8, 2022, Bien-Aime filed a negligence action against Defendant and others in the Superior Court of New Jersey, Union Vicinage ("the Underlying Action"). Compl. ¶ 16. On August 24, 2022, Defendant filed an Answer *pro se* in the Underlying Action, averring that she has never lived at the Premises. Compl. ¶ 17.

On March 8, 2023, Plaintiff filed the instant action seeking a determination of its rights and obligations under the Policy. *See* Compl. Specifically, Plaintiff asserts that because Defendant did not reside at the Premises, the Premises is not an "insured location" under the terms of the Policy, and as such, there is no valid claim for coverage against Defendant as the named insured under the Policy. Compl. ¶¶ 19-24. Thus, Plaintiff seeks a determination that, under the terms of Policy, it has no obligation to defend or indemnify

Defendant in the Underlying Action or any future action arising out of the February 17, 2022 accident. Compl. ¶¶ 25-26.

On March 15, 2023, Defendant was served a copy of the complaint and summons at her residence in Cypress, Texas. ECF No. 6, Ex. 2. On April 3, 2023, Defendant applied for an extension of time to answer the complaint. ECF No. 4. The application was granted, extending her time to answer to April 18, 2023. On April 19, 2023, after Plaintiff's request, an entry of default was entered by the clerk for failure to plead or otherwise defend the action. Due to Defendant's continued failure to answer or otherwise respond to the action, Plaintiff filed the instant motion for Default Judgment on June 27, 2023. ECF No. 6. Defendant has again failed to respond.

## II.   DISCUSSION

### A. Legal Standard

"Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action." *Dempsey v. Pistol Pete's Beef N Beer, LLC*, No. CIV. 08-5454, 2009 WL 3584597, at *2 (D.N.J. Oct. 26, 2009) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). While "the entry of a default judgment is left primarily to the discretion of the district court[,]" the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). As such, "prior to entering a judgment of default, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015) (footnote omitted). "In considering a motion for a default judgment under Rule 55(b)(2), a district court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017). "[T]he plaintiff must prove that he is entitled to the damages sought." *Id.*

### B. Jurisdiction and Service of Process

The Court has subject matter jurisdiction over this action on the basis of diversity of citizenship. Plaintiff is an Illinois insurance company with its principal place of business in Illinois. Compl. ¶ 4. Defendant is domiciled in Texas. Compl. ¶ 5, Ex. D. The amount in controversy most likely exceeds $75,000.00 because the Policy covers personal liability up to $500,000, Compl., Ex. A at 2, and the Underlying Action demands interest, cost of suit, and damages for "severe personal injuries" including past and future pain, medical

expenses, and loss of her ability "to engage in her usual occupation and activities[.]" Compl., Ex. C at ¶ 5; *see Great Lakes Ins. SE v. Ross*, 652 F. Supp. 3d 472, 477-78 (D.N.J. 2023).

Next, the Court must determine whether it has personal jurisdiction over the Defendant and whether process was properly served. *See Wilton Reassurance Life Co. of New York v. Engelhardt*, No. CV 21-9968, 2023 WL 4864296, at *2 (D.N.J. July 31, 2023) ("Because courts lack personal jurisdiction where service of process is improper, determining proper service is a threshold issue.") (citations and internal quotation marks omitted). "A federal court must have both statutory and constitutional authority to assert personal jurisdiction over an out-of-state defendant." *Adam Techs. LLC v. Well Shin Tech. Co.*, No. 18-CV-10513, 2019 WL 3800236, at *3 (D.N.J. Aug. 13, 2019). Under New Jersey's long arm statute, "[t]he primary method of obtaining *in personam* jurisdiction over a defendant in [the state] is by causing the summons and complaint to be personally served within [the state.]" N.J. Ct. R. 4:4-4(a). "When personal service cannot be effected within the state, Rule 4:4–4(b) permits substituted or constructive service to obtain personal jurisdiction over a defendant." *Advanced Surgery Ctr. v. Connecticut Gen. Life, Ins. Co.*, No. CIV.A. 12-2715, 2012 WL 3598815, at *5 (D.N.J. July 31, 2012). However, "[u]nder the Rule, effective service on an out–of-state defendant requires that the serving party first investigate the possibility of personal service on the defendant in New Jersey. If service cannot be made within the state, Plaintiff must provide an affidavit explaining that despite diligent effort personal service cannot be made in the state of New Jersey." *N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. CV 17-3531, 2017 WL 6816733, at *3 (D.N.J. Dec. 12, 2017) (citing N.J. Ct. R. 4:4–4(b)(1)).

Here, Defendant was personally served at her residence in Texas. ECF No. 6, Ex. 2. However, the Court has not identified any affidavit of diligent effort filed by Plaintiff in accordance with N.J. Ct. R. 4:4-4(b)(1). Thus, Plaintiff's service of process does not comport with the requirements under New Jersey's long arm statute, and Plaintiff has not established or otherwise shown that the Court has personal jurisdiction over the Defendant. *See, e.g., Advanced Surgery Ctr.*, 2012 WL 3598815, at *6 ("[T]he failure to file an affidavit of diligent inquiry is not a mere technicality, but error that deprives a court of jurisdiction."). The fact that Defendant had actual notice of this suit does not otherwise validate Plaintiff's defective service. *See, e.g., Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) ("[N]otice cannot by itself validate an otherwise defective service. Proper service is still a prerequisite to personal jurisdiction."); *see also Alveras v. Paulis-Kneski*, No. CV 05-4142, 2006 WL 8457521, at *1 (D.N.J. Feb. 27, 2006) ("[A] defendant does not waive its personal jurisdiction objection by seeking an extension of time to answer[.]").

## III.   CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is **DENIED without prejudice**. Plaintiff may re-serve Defendant within ninety (90) days in accordance with the Federal Rules of Civil Procedure and file proof of service on the docket within ninety-five (95) days from the date of this Opinion and accompanying Order. An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: November **14**, 2023

4